UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANDREA HARRIS,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>　　　　　　　　　Defendant. | Case No. C09-237-JCC<br><br>**REPORT AND RECOMMENDATION REGARDING ATTORNEY FEES** |

Plaintiff sought judicial review of the denial of her application for disability insurance benefits and supplemental security income by the Commissioner of the Social Security Administration.  Dkt. 1.  Plaintiff prevailed and timely moved for attorney fees and expenses under the Equal Access to Justice Act, 28 U.S.C. § 2412.  Dkt. 31.  Plaintiff's counsel submits he spent 46.4 hours on the case and should be awarded $7,991.94 in fees and $22.61 in costs.  *Id*. (attachment 2).  Plaintiff also requests an additional $344.48 for the time defending the fee request.  Dkt. 35 (attachment 1).  Defendant has filed an objection contending the time plaintiff's attorney spent on the opening and reply briefs is unreasonable, that plaintiff improperly seeks compensation for clerical work, and that the fees should be awarded to plaintiff, not plaintiff's counsel.  Dkt. 34.  This matter has been referred to the undersigned Magistrate Judge pursuant to Local Rule MJR 4(A)(4) and as authorized by *Matthews v. Weber*, 423 U.S. 261 (1976).  Dkt.

REPORT AND RECOMMENDATION REGARDING ATTORNEY
FEES - 1

32.

As discussed below, the Court finds plaintiff's fee request is not unreasonable and that the fees should be awarded to plaintiff, not plaintiff's counsel. The Court also finds the fee requested for defending the present motion should be reduced.

## I.  DISCUSSION

**A.    Time expended on briefing**

Defendant contends the amount of time plaintiff's attorney spent preparing briefs is unreasonable. Dkt. 34 at 2-3. Citing to *Harden v. Comm'r Soc. Sec. Admin.*, 497 F.Supp.2d 1214, 1215 (D. Or. 2007), defendant argues that absent unusual circumstances or complexity "there is some consensus among district court that 20-40 hours is reasonable amount of time to spend on a social security case." Dkt. 34 at 2. Defendant contends that because this case is not complex, the 42.1 hours that counsel spent on preparing opening and reply briefs are unreasonable; instead plaintiff should be awarded no more than 37.1 hours for her briefs. Dkt. 34 at 5. The Court is not persuaded by defendant's argument.

To begin, *Hardin's* fee range is not the law of the Circuit. The Court of Appeals for the Ninth Circuit has not adopted a rule that EAJA fee requests of 20 to 40 hours are reasonable and that departures from that range require a special showing. Under the law of this circuit, judges continue to have the responsibility to exercise their sound discretion in awarding EAJA fees. *Hoa Hong Van v. Barnhart*, 483 F.3d 600, 604 (9th Cir. 2007). Hence, rather than following a rigid fee range, other district courts have awarded fees greater than sought in this case. *See e.g. Johnson v. Astrue*, 2008 WL 3984599, (N.D. Cal.) (unpublished decision) (57 hours awarded in case that was not overly complex and fairly routine); *Patterson v. Apfel*, 99 F.Supp.2d 1212, 1215 n.2 (C.D. Cal. 2000) (citing cases in which as many as 41-46.5 hours of time were

REPORT AND RECOMMENDATION REGARDING ATTORNEY FEES - 2

1 compensated); *Mendoza v. Bowen*, 701 F.Supp. 1471 (N.D. Cal. 1988) (allowing 50 hours in a
2 case lacking any novel issues); *Burleson v. Astrue*, 2009 WL 364115 (W.D. Wash. 2009)
3 (unpublished opinion allowing 49.3 hours for attorney time including 43.9 hours for the merits
4 and 5.4 hours for the EAJA fee application); *Zimmerman v. Astrue*, 2008 WL 906460 (E.D. Cal.
5 2008) (unpublished opinion allowing 48.35 hours).

6       The Court has examined plaintiff's fee request and finds it reasonable.  The case involved
7 a lengthy transcript which plaintiff's attorney obviously had to review and analyze in preparing
8 her briefs.  Defendant's argument that plaintiff's attorney could have done the briefing quicker is
9 subjective, and an argument that can always be made in every case.  In any event, as the hours
10 plaintiff's attorney spent do not greatly exceed even *Hardin's*, rule of thumb, the Court cannot
11 say that the hours spent on briefing were unjustified or unreasonable.

12 **B**.     **Billing for clerical work**

13       Defendant next argues that plaintiff's attorney has improperly billed for clerical work.
14 Dkt. 34 at 3-4.  Specifically, defendant claims "Counsel billed 1.0 hour preparing and sending
15 various letters to his client (Ct. Rec. 31 Attachment #2)," that "Counsel mixed the attorney task
16 of preparing the complaint with the clerical task of filing the complaint, summons, and IFP," and
17 that "Counsel combined the attorney task of drafting the opening brief, reply brief and EAJA
18 with the clerical task of filing the pleadings." *Id.* at 3.  These activities are not clerical work.
19 Lawyers have a duty to communicate with their client.  *See* Washington Rules of Professional
20 Conduct 1.4.  Here most of the letters track that duty; they regard plaintiff's IFP status, the
21 government's brief, plaintiff's briefs, the favorable Report and Recommendation, and favorable
22 Judgment.  Dkt. 31 (Attachment 1).  The Court also finds defendant's claim that filing a brief is
23 clerical work to parse that term too finely.  While certain work such as making photocopies is

REPORT AND RECOMMENDATION REGARDING ATTORNEY
FEES - 3

clearly clerical, the Court finds filing a brief that counsel has written to be part and parcel of legal work an attorney performs.

### C. Fees should be awarded to plaintiff, not counsel

Defendant argues and the Court agrees that under the EAJA attorney fees may be awarded to the "prevailing party," not the attorney. Dkt. 34 at 4-5. In *Badejo v. Astrue*, Case No. 08-CV-5658-RJB-KLS, the Court discussed at length why the plain language of the EAJA, the legislative history and policies underlying the statute and the interpretation of the term "prevailing party" of most courts compel the conclusion that fees should be awarded to the plaintiff, not plaintiff's attorney. Plaintiff's counsel, who was also counsel in *Badejo*, presents nothing that would compel this Court to disagree with the analysis set forth in *Badejo*. Accordingly, the Court recommends that fees be awarded to plaintiff and that the order for fees utilize the form used in *Bardejo*, which makes the fees payable to plaintiff's counsel.

### D. Fees for defending the present motion

Plaintiffs seeks an additional $344.48 for the two hours spent for filing a reply in defense of the motion for fees. Dkt. 35. The reply is 6 pages long. Nearly three pages are devoted to a procedural history which the Court finds unnecessary. A page and a half is spent arguing why fees should be awarded to counsel, not plaintiff. The Court finds this section unhelpful and the time expended on it unjustified. Plaintiff's counsel raised similar arguments just last year in *Badejo*. His arguments were rejected in a 27 page Report and Recommendation in *Badejo*. The reply in the current case gives this Court no reason to doubt the conclusions reached in *Badejo;* in fact it does not even mention that case. For these reasons, the Court recommends this portion of the fee request be reduced to $86.00.

REPORT AND RECOMMENDATION REGARDING ATTORNEY
FEES - 4

## II.  CONCLUSION

For the foregoing reasons, the Court recommends plaintiff as the prevailing party be awarded $8, 077.94 in attorney fees and $22.61 in costs payable to plaintiff's attorney.  A proposed order accompanies this Report and Recommendation.

DATED this  29th day of April, 2010.

                                BRIAN A. TSUCHIDA
                                United States Magistrate Judge

REPORT AND RECOMMENDATION REGARDING ATTORNEY FEES - 5